IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE-FABRICIO: DIAZ,<br>JUAN-JOSE: VADO,<br>Sramineus Homo, US Vessel<br><br>      Libellant,<br>  v.<br><br>CITI BANK, US Vessel<br>DOES, ROES, and MOES 1-100, et al.,<br>US Vessel sand<br><br>      Libellees,<br>_____<br>RENE-FABRICIO: DIAZ<br>JUAN-JOSE: VADO<br>Lien Holders of the Vessel, the Real Party<br>In Interest, Lawful Man<br>Injured Third Party Intervenor/ Petitioner/<br>Libellant,<br><br>  v.<br><br>CITI BANK, U.S. Vessel,<br>DOES, ROES, and MOES 1-100, et al.,<br>      US VESSELS<br>INDIVIDUALLY AND SEVERALLY<br>Third Party Defendants/Libellees<br>_____/ | No. C-08-0835 MMC<br><br>**ORDER TO SHOW CAUSE WHY<br>ACTION SHOULD NOT BE DISMISSED** |

      Before the Court is Rene-Fabricio Diaz and Juan-Jose Vado's (collectively, "petitioners") "Petition for Libel of Review of an Administrative Judgment" ("Petition"), filed

1 | February 6, 2008.

2 |     Petitioners are individuals and have named a banking institution as a defendant. In the Petition, petitioners allege "all parties are U.S. Vessels and fit the legal definition of a U.S. Vessel," (see Pet. ¶ 15), and "[t]he cargo is shipped via U.S. Postal Service and all parties are subject to the Postal Codes in this instant action," (see id. ¶ 18). Petitioners also assert the "Law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27." (See id. ¶ 10.)

    "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . . ." Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (citation omitted). Before such dismissal may be entered, the court ordinarily "must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition . . . ." See id. at 362 (internal quotation and citation omitted). Sua sponte dismissal under Rule 12(b)(6) "may be made without notice," however, "where the claimant cannot possibly win relief." See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong, 642 F.2d at 362).

    Here, petitioners' filing fails to allege any facts that could state a claim under either state or federal law. Further, and contrary to the title of petitioners' pleading, petitioners fail to allege the existence of an administrative decision, let alone a decision that a court has jurisdiction to review. Nevertheless, the Court will provide petitioners an opportunity to respond to this order.

    Accordingly, petitioners are hereby ORDERED TO SHOW CAUSE, no later than February 29, 2008, and in writing not to exceed five pages, why the instant action should not be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

Dated: February 12, 2008

MAXINE M. CHESNEY
United States District Judge

2