IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE-FABRICIO: DIAZ,<br>JUAN-JOSE: VADO,<br>Sramineus Homo, US Vessel<br><br>　　　　Libellant,<br>　v.<br><br>CITI BANK, US Vessel<br>DOES, ROES, and MOES 1-100, et al.,<br>US Vessel sand<br><br>　　　　Libellees,<br>_____<br><br>RENE-FABRICIO: DIAZ<br>JUAN-JOSE: VADO<br>Lien Holders of the Vessel, the Real Party<br>In Interest, Lawful Man<br>Injured Third Party Intervenor/ Petitioner/<br>Libellant,<br><br>　v.<br><br>CITI BANK, U.S. Vessel,<br>DOES, ROES, and MOES 1-100, et al.,<br>　　　　　US VESSELS<br>INDIVIDUALLY AND SEVERALLY<br>Third Party Defendants/Libellees<br>_____/ | No. C-08-0835 MMC<br><br>**ORDER OF DISMISSAL** |

By order filed February 12, 2008, the Court directed Rene-Fabricio Diaz and Juan-Jose Vado (collectively, "petitioners") to show cause, no later than February 29, 2008, why

1 the instant "Petition for Libel of Review of an Administrative Judgment" should not be
2 dismissed in light of petitioners' having failed to allege any facts that could state a claim
3 under either state or federal law, and having failed to allege the existence of an
4 administrative decision.

5   On February 29, 2008, petitioners filed three documents titled, respectively, "Notice
6 of Appointment of Fiduciary Trustee," "Notice of Acceptance of Oath of Office and Bond,"
7 and "Memorandum of More Definitive [sic] Statement." By the first of said documents,
8 petitioners purport to appoint the undersigned as "fiduciary trustee for the purpose of using
9 [petitioners'] exemption to settle and close any outstanding debt owed CITI BANK." (See
10 Notice of Apptmt. of Fiduc. Trustee at 2.) In the second document, petitioners state they
11 "formally accept the Oath of Office and Bond" of the undersigned. (See Notice of
12 Acceptance of Oath of Office and Bond at 2.) In the third document, petitioners assert
13 "Libellees have failed to ask for a more definitive statement and are in agreement with
14 libelants," (see Memorandum at 2), and seek a default judgment against CITI BANK, (see
15 id. at 3). In said third document, petitioners also assert "Libellees sent a presentment to
16 [petitioners] demanding payment of a sum certain," (see id. at 2), and further assert, in
17 conclusory fashion, they "have been the victims of dishonorable predatory lending
18 practices, or at the least, breach of agreement," (see id. at 3). Petitioners fail, however, to
19 state the facts describing such "presentment" or to support their assertion of breach, nor do
20 petitioners identify the particular law on which they rely to support their assertion of
21 unlawful lending practices. In sum, in none of the documents do petitioners state facts that
22 would support a cognizable claim for relief.

23   Accordingly, the above-titled action is hereby DISMISSED for failure to state a claim.
24 To the extent petitioners seek to cure the deficiencies noted above, they may do so by
25 //
26 //
27 //
28 //

2

filing an amended complaint. Any such amended complaint shall be filed no later than April 7, 2008.

**IT IS SO ORDERED.**

Dated: March 11, 2008

MAXINE M. CHESNEY
United States District Judge